## ETLING v PEOPLES-FIRST NATIONAL BANK

Ohio Appeals, 9th Dist, Summit Co

No 1917. Decided Feb 17, 1932

Slabaugh, Seiberling, Huber & Guinther, and N. O. Mather, Akron, for plaintiff in error.

Waters, Andress, Hagelbarger, Wise & Maxon, Akron, for defendant in error.

PARDEE, PJ.

Defendant claims that said guarantee is so indefinite and uncertain as to its meaning that, as a matter of law, no liability could attach to him.

We have carefully analyzed and considered said written guarantee, and one member of this court is of the opinion that, after applying thereto all the helps which the rules of interpretation afford and permit, the language of said writing is so incomplete, ambiguous and uncertain that the intention of the parties cannot be ascertained, and for that reason no liability could attach to said defendant.

Clark on Contracts, pp. 10 and 63.

**Monnett v Monnett, Admr., 46 Oh St 30.**

Two members of the court are of the opinion that the reasonable and proper construction to be given to said contract is that said plaintiff intended to procure credit for said Harvey & Co. from and after the date upon which said contract became effective —to wit, on or about March 8, 1925; said liability under said contract, however, not to apply to any pre-existing direct or indirect loans made to said Harvey & Co. by said bank, and that plaintiff intended to become liable upon said contract only for new money furnished by said bank to said Harvey & Co., from and after said date, in excess of $25,000 and not to exceed $50,000, and for every loan thereafter made by said bank to said Harvey & Co. when due and payable, meaning thereby loans made within said limitations.

We have carefully analyzed all of the direct loans made by said bank to said Harvey & Co., from and after June 24, 1924, to Nov. 27, 1926, both inclusive, as shown by the bank's exhibit A attached to the bill of exceptions, and this record shows that on March 8, 1925, there were four direct loans outstanding evidenced by promissory notes—to wit, one dated Jan. 12, 1925, No. 5448, for $2500, due April 13, 1925, which was renewed on April 17, 1925, for $2250; one dated Feb. 17, 1925, No. 5940, for $15,000, due April 17, 1925, which was renewed on said due date for $14,750; one dated Feb. 17, 1925, No. 5941, for $10,291.62, due, April 20, 1925, which was renewed on said due date for $10,000; and one dated March 5, 1925, No. 6171, for $1700, due on March 10, 1925, which was renewed on said due date for the full amount. These several notes were subsequently several times renewed, and said exhibit A shows that substantial payments were made upon said several loans from time to time as and when the notes or evidences of the indebtedness were renewed, and eventually these several debts were evidenced by the demand note given Nov. 27, 1926, for $43,689.26, which evidenced other loans made before and after said effective date; and in this connection it is well to keep in mind that notes are not debts or loans but only evidence of the same, and that the defendant guaranteed debts or loans and not notes or the renewals thereof.

From the careful analysis of said exhibit A, and the tabulation made by us and the credits properly given, as shown by said exhibit, the record conclusively shows that at no time did the loans of new money to said Harvey & Co. exceed the total sum of $25,000; the largest amount of new money owing at any one time, as the evidence clearly shows, being a few dollars less than $20,000.

Under the construction of the contract as hereinbefore indicated, the said defendant did not intend to guarantee any loans, either direct or indirect, made by said bank to said Harvey & Co. prior to said effective date, and the renewals of the evidence of indebtedness made after said date, of loans made prior to said effective date, cannot be properly said to be covered by said guarantee; and said guarantor not intending to become liable for new loans made after the effective date of said contract which in the aggregate did not at any one time reach $25,000, and only intending to be liable for new loans which in the aggregate exceeded the sum of $25,000, we are unanimously of the opinion that, under this construction of the contract, the defendant is not liable to said bank; and the evidence conclusively showing, as hereinbefore indicated, that new money in the aggregate in excess of $25,000 was not advanced at any one time by said

bank in reliance upon said contract, the finding of the trial court is manifestly against the weight of the evidence, and the judgment must therefore be reversed; and the evidence being clear upon this point, we say as a matter of law that final judgment should be rendered for said defendant.

Judgment reversed and final judgment for plaintiff in error.

WASHBURN and FUNK, JJ, concur.